UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAMIAN FERRELL, § | | |
| TDCJ No. 02148539, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL NO. SA-21-CA-0420-FB | |
| § | | |
| BOBBY LUMPKIN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Damian Ferrell's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and corresponding memorandum in support (ECF No. 1), respondent Bobby Lumpkin's Answer (ECF No. 14), and petitioner's Reply (ECF No. 16) thereto. Petitioner challenges the constitutionality of his 2017 state court conviction for possession of a controlled substance, arguing (1) the prosecution admitted new evidence during closing argument, (2) the prosecution used false testimony from a police report to charge him with the instant offense, (3) the evidence was insufficient to prove possession, and (4) he was arrested without probable cause. In his Answer, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In July 2017, petitioner was convicted of one count of possession with intent to deliver a controlled substance in the amount of four to two-hundred grams (habitual) and was sentenced to fifteen years of imprisonment. *State v. Ferrell*, No. 2015CR9916 (226th Dist. Ct., Bexar Cnty., Tex. July 26, 2017); (ECF No. 15-3 at 77-78). Petitioner's conviction was affirmed on direct appeal in an unpublished opinion and his petition for discretionary review (PDR) was later refused by the Texas Court of Criminal Appeals on February 27, 2019. *Ferrell v. State*, No. 04-17-00616-CR, 2018 WL 4903028 (Tex. App.—San Antonio, Oct. 10, 2018, pet. ref'd); (ECF No. 15-18); *see also Ferrell v. State*, No. PD-1238-18 (Tex. Crim. App.); (ECF No. 15-1).

On March 17, 2020, petitioner challenged the constitutionality of his state court conviction and sentence by filing a state habeas corpus application. *Ex parte Ferrell*, No. 91,351-01 (Tex. Crim. App.); (ECF No. 15-27 at 19). The Texas Court of Criminal Appeals ultimately denied the application without written order on September 30, 2020. (ECF No. 15-23). Thereafter, petitioner placed the instant federal habeas petition in the prison mail system on April 13, 2021. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's conviction became final May 28, 2019, ninety days after the Texas

-2-

Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on May 28, 2020. Because petitioner did not file his § 2254 petition until April 13, 2021—almost a year after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A.  Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, petitioner challenged the constitutionality of his state court conviction and sentence by filing a state habeas application on March 17, 2020, which was eventually denied by the Texas Court of Criminal Appeals on September 30, 2020. Accordingly, petitioner's state habeas application tolled the limitations period for a total of

198 days, making his federal petition due Monday, December 14, 2020.[1] Again, he did not file the instant § 2254 petition until April 13, 2021, four months too late.

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

The record demonstrates that petitioner failed to diligently pursue his rights. Each of the allegations in petitioner's federal petition concern the constitutionality of his July 2017 conviction and sentence, yet petitioner did not submit his state habeas corpus application challenging the conviction until March 2020, almost ten months after his conviction had become final under the AEDPA's statute of limitations. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Further, petitioner fails to provide any legitimate reason why he waited another six months after the Texas Court of Criminal Appeals denied his state habeas application

---

[1] Because the end of the limitations period fell on a Saturday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

at the end of September 2020 before filing the instant federal petition in this Court, much less attempt to establish that his claims could not have been discovered and presented earlier.

Instead, petitioner argues he is entitled to equitable tolling due to the ongoing problems his prison unit has had because of the COVID-19 pandemic. (ECF No. 16). According to petitioner, the staff shortages and intermittent lockdowns have made it difficult to adequately prepare his federal habeas petition. However, courts in this district have repeatedly found that delays caused by intermittent lockdowns do not constitute "extraordinary circumstances" warranting equitable tolling because they do not prevent a prisoner from filing a petition. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (unpublished) (finding a temporary denial of access to research materials or the law library and inadequacies in the prison law library were are not extraordinary circumstances sufficient to warrant equitable tolling); *White v. Director*, TDCJ-CID, No. 6:19-cv-231, 2021 WL 1015951, at *4 (E.D. Tex. Feb. 5, 2021), *report and recommendation adopted*, 2021 WL 978760 (E.D. Tex. Mar. 16, 2021) (finding diminished library access did not "actually prevent" petitioner from filing and thus was not constitute an extraordinary circumstance).[2]

In this case, petitioner similarly presents no evidence that any intermittent lockdowns "actually prevented" him from filing his federal petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). "Absent evidence in the record," however, this Court will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else

---

[2] *See also United States v. Pizarro,* No. CR 16-63, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021) (finding that a COVID-19 lockdown did not justify equitable tolling as it did not actually prevent the petitioner filing his habeas petition); *Coppin v. United States*, 3:10-cr-345, 2018 WL 1122175, at *4 (N.D. Tex. Mar. 1, 2018) (finding a series of lockdowns did not constitute an extraordinary circumstance that prevented Defendant from filing § 2255 motion); *Sheppard v. Stephens*, No. 5:16-cv-426, 2016 WL 4276292, at *2 (W.D. Tex. May 26, 2016); *Harrison v. Stephens*, No. H-14-2991, 2015 WL 3507888, at *3 (S.D. Tex. June 3, 2015) (petitioner failed to explain why the security lockdowns constitute "extraordinary circumstances" or show that he diligently pursued his rights during the remaining portion of the limitations period).

contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). Indeed, petitioner does not contend that he was prevented from filing a petition, but rather argues that the staff shortages and sporadic lockdowns made it difficult to comply with the time limits. But as discussed by the numerous cases cited above, delays in accessing library materials do not constitute an "extraordinary circumstance" that ultimately prevent a petitioner from filing a timely federal petition.

Moreover, during the COVID-19 pandemic, other courts have found that prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a petition prior to the lockdowns. *See*, *e.g.*, *United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) ("Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay. COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020."); *United States v. Mayfield*, No. 4:16-CR-3077, 2020 WL 1663582, at *1 (D. Neb. Apr. 3, 2020) (holding that when, "as a result of the COVID-19 pandemic, his access to the law library has been limited, preventing him from completing his motion," equitable tolling would only be appropriate if the motion "was diligently pursued").

Here, petitioner fails to establish that he diligently pursued his right to file the instant § 2254 petition prior to the COVID-19 pandemic. As discussed previously, petitioner's limitations period began in May 2019, well before COVID-19 measures began to take effect in or around March 2020. While petitioner did eventually file a state habeas corpus application around that same time, he fails to explain why he waited almost ten months before doing so. And because the majority of petitioner's (pre-state habeas petition) limitations period took place prior to the initiation of any COVID-19

protocols, his arguments regarding intermittent lockdowns as a result of COVID-19 do little to explain why he could not have worked on and filed the instant federal petition earlier.

Consequently, petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court. His petition is therefore untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case,

a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996, yet petitioner provided no reasonable justification for missing the filing deadline by four months. Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether petitioner was entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion and Order

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Damian Ferrell's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 23rd day of September, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE